IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICIA G. SAMMONS                                                                            PLAINTIFF

V.                          CASE NO.: 4:14CV00275-BRW-BD

SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

RECOMMENDED DISPOSITION

Instructions

The following recommended disposition will be sent to U.S. District Judge Billy Roy Wilson.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The objecting party must serve the opposing party with a copy of her objections.  Failing to object within 14 days waives the right to appeal questions of fact.  *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).  If no objections are filed, Judge Wilson can adopt the recommended disposition without independently reviewing all of the record evidence.

**Report and Recommendation**

**Introduction**

Plaintiff Patricia G. Sammons filed her hand-written complaint, application to proceed *in forma pauperis*, and motion for appointment of counsel on May 6, 2014. (Docket entries #1, #2, #3)  The Court ordered service of the complaint and, because Ms. Sammons was not represented by counsel, appointed counsel.

The Social Security Administration ("SSA") has responded to the complaint with a motion to dismiss.  (#9)   The SSA asserts that relief cannot be granted to Ms. Sammons because her complaint was not filed within the limitations period set forth in 42 U.S.C. § 405(g).  Ms. Sammons has responded to the motion.  (#10, #11)   For the reasons set forth below, the Court recommends the SSA's motion be GRANTED.

**Discussion**

The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless the claimant files an action in Federal district court.  See 42 U.S.C. § 405(h)("No findings of fact or decisions of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); see also 20 C.F.R. § 404.981.  Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. §405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of

>such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); see also 20 C.F.R. §§ 404.981, 422.210. The date of receipt of notice of the Appeals Council's determination to the claimant is presumed to be five days after the date issued, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

In *Bowen v. City of New York*, 476 U.S. 467, 481 (1986), the Supreme Court noted that the 60-day time period specified in 42 U.S.C. § 405(g) is a limitation that moves cases toward speedy resolution, but the Court also noted that, in a rare case, the limitations period can be tolled by the Commissioner or the courts. The Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

Here, the Appeals Council's decision denying Ms. Sammons's request for review is dated February 6, 2014. (#9-1 at p. 3) Under the regulations, receipt of the notice is presumed to have been received five days thereafter, on February 11, 2014. Ms. Sammons did not request an extension of time to file a civil action in federal court. Accordingly, the time period for filing a complaint expired on Monday, April 12, 2014.[1]

---

[1]The 60 day limitations period actually expired on Saturday, April 12, 2014, but under Rule 6 of the Federal Rules of Civil Procedure, the time period continued to run until the next day that was not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Ms. Sammons's complaint was filed on May 6, 2014, 24 days after the 60-day limitations period expired.

Ms. Sammons aruges that she attempted to file an action twice before the statute of limitations expired but was "rejected" by the Clerk. She points out that Rule 5 of the Federal Rules of Civil Procedure prohibits a clerk from refusing to file a paper solely because it is not in the form prescribed by the rules or by a local rule.

Here, however, Ms. Sammons acknowledges that her lawyer informed her in a letter dated February 19, 2014, that she had sixty days to pursue an action in federal court. Even assuming the Clerk advised Ms. Sammons of inadequacies with her complaint or her motion to proceed *in forma pauperis* during visits to the Clerk's office on February 25, 2014, and March 25, 2014, she still had an additional 18 days, until Monday, April 12, 2014, to correct any inadequacies and file a complaint with the Court.[2] She failed to do so.

Under the circumstances alleged by Ms. Sammons, the Court cannot conclude that the Clerk acted in a way to prevent her from filing her complaint in a timely manner. See *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988); (citing *Bowen*, 476 U.S. 480; *Lively v. Bowen*, 827 F.2d 268, 269 (8th Cir. 1987)). Accordingly, equitable tolling is not warranted, and Ms. Sammons's complaint is barred by the statute of limitations.

---

[2]The Court notes that on May 6, 2014, the Clerk filed a hand-written complaint, and a form application to proceed *in forma pauperis* that was undated.

**Conclusion**

The Court recommends that the Social Security Administration's motion to dismiss (#9) be granted, and that Ms. Sammons's complaint be DISMISSED with prejudice.

DATED this 23rd day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE